
RECEIVED
IN LAKE CHARLES, LA
FEB 2 5 2009
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | |
|---|---|
| RAYTHOIL WOMACK | CIVIL ACTION NO. 08-577 |
| VS. | SECTION P |
| LOUISIANA DEPARTMENT OF PROBATION & PAROLE, ET AL | JUDGE MINALDI |
| | MAGISTRATE JUDGE KAY |

## REPORT AND RECOMMENDATION

Before the court is a civil rights suit (42 U.S.C. § 1983) filed *in forma pauperis* by *pro se* plaintiff Raythoil Womack on April 23, 2008. Plaintiff is an inmate in the custody of the Louisiana Department of Public Safety and Corrections (LDOC), and is presently incarcerated at the J. Levy Dabadie Correctional Center, Pineville, Louisiana. He names the Louisiana Department of Probation & Parole, the Louisiana Department of Public Safety and Corrections, and Robert Henderson as defendants herein.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court.

## STATEMENT OF THE CASE

Plaintiff's claims center around his allegation that his parole was wrongfully revoked and that he was wrongfully denied placement in a work release program. More specifically, plaintiff states that he was granted parole from the LDOC on February 2, 2003 and was given permission to relocate to his home state of Illinois. Doc. 1. He did so and claims that he kept the Illinois parole office apprised of his monthly activities, job status, and residential status. *Id.* However, on November 16, 2006, a Cook County parole agent made a home visit to plaintiff's resident but no one was there.

*Id.* A second visit was conducted on November 17, 2006, and again, no one was home. *Id.* A third visit done on December 27, 2006, found the house vacant and that it had been declared not suitable for occupancy. *Id.* A violation report produced by plaintiff states that an anonymous phone call was placed to the parole office on the day of the last visit, informing the office that plaintiff had moved with his sister to 15025 Charlotte in Lansing, Illinois. *Id.* On January 25, 2007, a parole agent attempted to locate the noted address but discovered that no such residence existed. *Id.* Thereafter, plaintiff was arrested for absconding and sent back to Louisiana for a revocation hearing of his parole. *Id.*

The first revocation hearing was held on August 9, 2007, wherein the board voted to place plaintiff in a residential plan in Louisiana, followed by work release. *Id.* at 16. However, a second revocation hearing was held on November 15, 2007, in which the board noted it was advised by the medical department at Elayn Hunt Correctional Center that plaintiff was not eligible for the work release program due to his medical classification. *Id.* at 19. His parole was then revoked.

In this matter, plaintiff contends that his procedural due process rights where violated when the parole board relied upon the verbal address given by the anonymous caller rather than checking with the main office. Doc. 1, at 5. Plaintiff makes this claim as he states that prior to November 16, 2006 (the date of the first attempted home visit) he contacted the parole office and was given permission to relocate to the new address. He claims that he gave the new address and telephone number to the operator of the Illinois Parole Department. *Id.* at 7.

Plaintiff also contends that his due process rights where violated when the medical/classification departments at Elayn Hunt Correctional Center told the parole board that he was not eligible for the work release program due to his medical classification. In this regard, he

states, "Upon initial entry to EHCC, Mr. Womack was given a 'regular duty' status with no restrictions and his level of care (or LOC) was placed at a level 3, but should have been at a level 5 . . . .The factors and criteria that were used by EHCC to deny Mr. Womack Work Release are unreasonable. The rules as they are applied to him do not follow a sound reasoning, nor do they follow an objective criteria. Rather, the discretion of the Dept. is very subjective . . . ." *Id.* at 8-9

As a result of the above, plaintiff seeks compensatory and punitive damages, as well as "immediate release from the custody of the DPSC (Louisiana Department of Public Safety & Corrections) and a reinstatement of his Compact with the state of Illinois." *Id.* at 9.

## LAW AND ANALYSIS

### *I. 42 U.S.C. § 1983 Claims*

Plaintiff filed his action as a civil rights complaint pursuant to 42 U.S.C. § 1983. In regard to such claim, "[a] federal court may dismiss a claim *in forma pauperis* 'if satisfied that the action is frivolous or malicious.'" *Moore v. McDonald*, 30 F.3d 616, 620 (5th Cir.1994) (quoting former 28 U.S.C. § 1915(d), now incorporated in 28 U.S.C. § 1915(e), as amended). A complaint is frivolous "if it lacks an arguable basis in law or fact." *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998); *Reeves v. Collins*, 27 F.3d 174, 176 (5th Cir. 1994). The law "'accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.'" *Macias v. Raul A. (Unknown), Badge No. 153*, 23 F.3d 94, 97 (5th Cir.1994) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327, 109 S. Ct. 1827, 1832, 104 L. Ed. 2d 338 (1989)). "'A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist.'"

3

*Davis*, 157 F.3d at 1005 (quoting *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir.1997)). An *in forma pauperis* complaint which is legally frivolous, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief may be dismissed *sua sponte* at any time under 28 U.S.C. § 1915(e)(2).

## II. *Heck v. Humphrey*

Plaintiff's claims for monetary damages and injunctive relief must be dismissed at this time under *Heck v. Humphrey*, 512 U.S. 477, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994). In *Heck*, the Supreme Court held:

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Id.* at 486-87; 114 S. Ct. at 2372; 129 L. Ed. 2d 383.

Plaintiff's claims are clearly connected to the validity of his present confinement, which is based on his parole revocation. His parole from the original conviction was revoked, and he is currently in custody as a result of the parole revocation. His confinement has not been set aside in any of the ways described in *Heck*. Thus, any § 1983 claim plaintiff asserts concerning his continued confinement is premature and must be dismissed. *See, e.g.*, *Cronn v. Buffington*, 150 F.3d 538 (5th

4

Cir. 1998) (applying *Heck* to parole revocation challenge); *McGrew v. Texas Bd. of Pardons & Paroles*, 47 F.3d 158, 161 (5th Cir. 1995) ("Because an action attacking the validity of parole proceedings calls into question the fact and duration of confinement, it must satisfy ... *Heck* ...."). As the Fifth Circuit has noted, the dismissal of these claims is with prejudice to their being asserted again until the *Heck* conditions are met. *Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir.1996).

### *III. Liberty Interest and Due Process*

Further, it should be noted that plaintiff's claim that his due process rights were violated by the denial of work release due to an alleged erroneous medical classification is without merit. Simply put, plaintiff does not have a liberty interest in a work release program and therefore his due process claims are frivolous. In *Welch v. Thompson*, 20 F.3d 636 (5th Cir.1994), the Fifth Circuit determined that the statute establishing the work release program (Louisiana Revised Statute 15:1111) entrusts the program's operation to the LDOC. The court further determined that the statute does not dictate to the LDOC whom it must put on work release. In short, the Fifth Circuit held that "15:1111 does not create a liberty interest subject to the Due Process Clause." *Welch*, 20 F.3d at 644 (5th Cir.1994). Since the statute does not create a protected liberty interest for eligible prisoners, there can be no deprivation of a liberty interest protected by the due process clause of the Constitution, and therefore plaintiff cannot show that a constitutional right has been violated.

### *IV. Habeas Corpus Claims*

In addition to monetary damages, plaintiff asks for immediate release from the custody of the DPSC. Thus, since success on that claim would result in a speedier, if not immediate, release from custody, that portion of this action is more appropriately analyzed as a petition for writ of *habeas corpus*. *Carson v. Johnson*, 112 F.3d 818, 820-21 (5th Cir.1997); *Cook v. Texas Dept. of Criminal*

*Justice Planning Dept.*, 37 F.3d 166, 168 (5th Cir.1994) (holding that a § 1983 action is appropriate for recovering damages resulting from illegal administrative procedures, but *habeas* is the appropriate federal remedy for a state prisoner challenging the fact of his confinement).

"[I]n instances in which a petition [or complaint] combines claims that should be asserted in *habeas* with claims that properly may be pursued as an initial matter under § 1983, and the claims can be separated, federal courts should do so, entertaining the § 1983 claims." *Serio v. Members of La. State Bd. of Pardons*, 821 F.2d 1112, 1119 (5th Cir.1987). Thus, to the extent that plaintiff is seeking *habeas* relief, those claims should be dismissed without prejudice so that he can file a petition for writ of *habeas corpus* raising those claims.

However, plaintiff is advised that should he pursue the *habeas* claims, those claims would also be subject to dismissal. Specifically, a state prisoner must exhaust available <u>state</u> <u>court</u> remedies as to each and every ground upon which he claims entitlement to *habeas* relief whether pursuant to 28 U.S.C. § 2241 or § 2254(b). *Dickerson v. Louisiana*, 816 F.2d 220, 225 (5th Cir.1987) *cert. denied* 484 U.S. 956, 108 S. Ct. 352, 98 L. Ed.2d 378 (1987). Generally, the exhaustion requirement is satisfied only when the grounds urged in a federal petition were previously presented to the state's highest court in a procedurally proper manner. *Dupuy v. Butler*, 837 F.2d 699, 702 (5th Cir. 1988). A federal district court may notice *sua sponte* the lack of exhaustion. *Shute v. State*, 117 F.3d 233, 237 (5th Cir. 1997). Federal courts can dismiss without prejudice a federal petition for writ of *habeas corpus* that contains unexhausted grounds for relief. *See Rose v. Lundy*, 455 U.S. 509, 510, 102 S. Ct. 1198, 1199, 71 L. Ed. 2d 379 (1982).

Plaintiff's pleadings and exhibits do not suggest that he has exhausted his state court remedies prior to the filing of suit. Further, a review of the presumptively reliable published

jurisprudence of the State of Louisiana reveals no Louisiana Supreme Court cases involving plaintiff.

Accordingly,

**IT IS RECOMMENDED** that plaintiff's complaint be **DENIED AND DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim for which relief may be granted in accordance with the provisions of 28 U.S.C. §1915(d)(2)(B) and 28 U.S.C. §1915A(b).

**IT IS FURTHER RECOMMENDED** that plaintiff's *habeas corpus* claims should be dismissed without prejudice.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy of any objections or response to the District judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

**THUS DONE AND SIGNED** in chambers in Lake Charles, Louisiana, on February 25, 2009.

KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE